UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10140-RGS

UNITED STATES OF AMERICA

v.

THOMAS M. FINNERAN

MEMORANDUM AND ORDER ON INTERVENORS'
MOTIONS TO INTERVENE AND TO VACATE OR
MODIFY PROTECTIVE ORDER

September 6, 2005

STEARNS, D.J.

Intervenor media publishers seek access to criminal discovery provided by the government in the above-captioned matter, including grand jury material and associated witness statements. The motions are opposed by the defendant and the government as inimical to the defendant's prospects for a fair trial. There are three good reasons for the peremptory denial of the motions. First, a third party has no right under the Federal Rules of Criminal Procedure, the common law, the United States Code, or the United States Constitution to intervene in a federal criminal case. Cf. United States v. Hurley, 920 F.2d 88, 90 (1st Cir. 1990). Nor is there any right of public access to documents obtained through discovery that are not part of the judicial record. Second, to create such a right would have a pernicious consequence for federal defendants. A federal defendant has no constitutional right to pretrial discovery in a criminal case. It is that recognition that underlies passage of the Jencks Act. Under the Jencks Act, the government has no obligation to produce witness statements prior to trial or indeed prior to the completion at

trial of the witness' testimony. Thus, what "rights" a defendant has are those conferred by Rule 16 and the cognate Local Rules, or by the grace of the government's voluntary production of such discovery, usually – as in this case – under the terms of a protective order. In the absence of assurances that such orders are valid and enforceable, the flow of pretrial discovery from the government to criminal defendants in sensitive cases would simply come to a stop. Finally, the protective order entered in this case is not overbroad. It falls well within the contours of Local Rule 83.2B and the purposes of Local Rule 83.2A.

## ORDER

For the foregoing reasons, the motions to intervene are DENIED. The motions to vacate or modify the protective order are MOOT.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE