

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

January 5, 2007

Ms. Mary Johnson
Deputy Clerk
United States District Court
District of Massachusetts
United States Courthouse, Suite 2300
1 Courthouse Way
Boston, MA 02210

        Re: United States v. Thomas M. Finneran
           Crim. No. 05-10140-RGS

Dear Ms. Johnson:

Please find attached an advance copy of the plea agreement in the case captioned above.  The original will be provided to the Court at the hearing scheduled for this morning.

Thank you for your assistance in this matter.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney


        By: /s/ John T. McNeil
        JOHN T. McNEIL
        Assistant U.S. Attorney


cc. Richard M. Egbert, Esquire
    99 Summer Street
    Boston, MA 02110



U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 29, 2006

Richard M. Egbert, Esquire
99 Summer Street
Boston, MA 02110

        Re: United States v. Thomas M. Finneran
           Crim. No. 05-10140-RGS

Dear Mr. Egbert:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Thomas M. Finneran ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than January 17, 2007, Defendant shall plead guilty to so much of Count IV of the above-captioned Indictment which alleges that on or about November 14, 2003, Defendant did corruptly endeavor to influence, obstruct and impede the due administration of justice in that he knowingly and willfully made misleading and false statements under oath before the United States District Court, District of Massachusetts, as specifically set forth in paragraph 18 of the Indictment, in violation of 18 U.S.C. §1503. Defendant expressly and unequivocally admits that he committed the crime so charged in the Indictment, and that he is in fact guilty of the offense so charged in the Indictment. The U.S. Attorney agrees to dismiss Counts I, II, and III of the Indictment following the imposition of sentence on Count IV, if the conditions set forth in this agreement are met.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties on Count IV of the Indictment: imprisonment for a period of 10 years; a $250,000 fine; three years of supervised release; five years of probation; and a $100 assessment.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

   (a)   in accordance with U.S.S.G. §2J1.2, Defendant's base offense level is 14;

   (b)   the parties agree that there is a basis for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a), provided that Defendant complies with all terms of this Agreement, including fully accepting responsibility for the crime charged in Count IV of the Indictment as specified in paragraph 1 of this Agreement; and

   (c)   based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 and/or not to recommend a departure or deviation from the Guideline range if, at any time between his execution of this Agreement and sentencing, Defendant:

   (a)   Fails to admit a complete factual basis for the plea;

   (b)   Fails to truthfully admit his conduct in the offense of conviction;

   (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

   (d)   Fails to provide truthful information about his financial status;

   (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The parties agree to recommend the following sentence before the District Court:

(a) A period of unsupervised probation for 18 months;

(b) A fine of $25,000; and

(c) A mandatory special assessment of $100.

In addition, Defendant agrees not to run for any elected position in federal, state, or municipal government for a period of five years from the date of Defendant's sentencing.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

(a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a

        collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

    (b)    The defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

    (c)    Defendant agrees that he will not file a direct appeal nor collaterally challenge any probationary sentence which also includes a fine up to the statutory maximum fine. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

    (d)    This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

7.    <u>Other post-sentence events</u>.

    (a)    In the event that, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

    (b)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

8.    <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss Counts I, II, and III of the Indictment.

9.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless

of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

11.     Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local

prosecutive authorities.

    14.    <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John T. McNeil.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

THOMAS M. FINNERAN
Defendant

Date: 1/3/07

    I certify that THOMAS M. FINNERAN has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

RICHARD M. EGBERT
Attorney for Defendant

Date: 1/3/07